UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20100-CR-SEITZ/SIMONTON

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**LEYANES PLACERES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable Patricia A. Seitz, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant LEYANES PLACERES (DE # 763).  Based upon the change of plea hearing conducted on March 21, 2012, this Court makes the following findings and recommends that the guilty plea be accepted.

    1.  On March 21, 2012, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.  At the outset of the hearing, this Court advised the Defendant of her right to have these proceedings conducted by the District Judge assigned to the case.   Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Government Attorney assigned to this case.  This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

    2.  This Court advised the Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a United States District Judge.  The

Defendant, the Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. The Defendant acknowledged that she was satisfied with the services of her attorney and that she had fully discussed the charges and the case in general with her attorney. There is a written plea agreement which has been entered into by the parties in this case (DE # 796). This Court reviewed that plea agreement on the record and the Defendant acknowledged that she understood each term of the plea agreement and that she had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, including restitution.

5. The Defendant pled guilty to Count One of the Indictment, which charges her with conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349; and to Count Thirteen, which charges her with conspiracy to defraud the United States and to commit offenses against the United States, in violation of Title 18, United States Code, Section 371. The elements of these offenses were explained to the Defendant. The Defendant agreed to waive her right to appeal the sentence imposed, unless the sentence exceeds the statutory maximum or the guideline range established by the Court at sentencing; or unless the Government appeals the sentence imposed. The Government has agreed to dismiss the remaining count of the Indictment against this Defendant after sentencing.

6. To set forth the factual basis for the entry of the plea, the Defendant and the Government submitted a Stipulated Factual Proffer (DE # 797). The Government read this Factual Proffer into the record at the change of plea hearing. In addition, the written

factual proffer was supplemented at the hearing with an oral proffer that established the commission of paragraph 11 of the overt acts contained in Count 13 of the Indictment, which was committed in furtherance of the conspiracy charged in that Count.  This statement of facts established all of the essential elements of the crimes to which the Defendant is pleading guilty.  The Defendant acknowledged that the statement of facts was accurate, and signed the written factual proffer.  The Court advised the Defendant that, as to Count One, there is a maximum potential sentence of up to ten years of imprisonment; followed by a term of supervised release of up to three years; a fine of up to the greater of $250,000.00 or twice the pecuniary gain or loss arising from the relevant conduct; mandatory restitution; and, a mandatory special assessment of $100; and, as to Count Thirteen, there is a maximum potential sentence of up to 5 years of imprisonment; followed by a term of supervised release of up to three years; a fine of up to the greater of $250,000.00 or twice the amount of criminally derived property involved in the transaction; mandatory restitution; and, a mandatory special assessment of $100.  The Defendant acknowledged that she understood the possible maximum penalties which could be imposed in her case.

7.  Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.  In addition, the undersigned specifically finds that the Defendant's waiver of her right to appeal her sentence in this case is knowing and voluntary.  Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered her guilty plea to Counts One and Thirteen of the Indictment filed in this case, as more particularly

described herein, and that the Defendant be adjudicated guilty of those offenses.

8.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office; and, a sentencing hearing has been set for June 11, 2012, at 8:30 a.m., before the Honorable Patricia A. Seitz, United States District Judge (DE # 795).  The Defendant remains on bond pending sentencing.

Therefore, it is hereby

**RECOMMENDED** that Defendant LEYANES PLACERES' plea of guilty be accepted, that the Defendant be adjudicated guilty of the offenses to which she has entered her plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

Based upon the closeness of the trial date, the time for filing objections to this Report and Recommendation is shortened.  The parties will have until Wednesday, April 4, 2012, to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Miami, Florida, on March 28, 2012.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**
Hon.  Patricia A. Seitz, U.S. District Judge
All Counsel of Record
U. S. Probation Office
U. S. Marshal